**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**


OLA, LLC                                  §
                                          §
vs.                                       §        CASE NO. 2:08-CV-324-CE
                                          §
BUILDER HOMESITE, INC., ET AL.            §


**MEMORANDUM OPINION AND ORDER**


I.      **Introduction**

        This case involves alleged infringement of U.S. Patent No. 7,076,455 ("the '455 patent")

and No. 7,254,553 ("the '553 patent"), violation of the Illinois Trade Secrets Act, breach of

contract, common law fraud, and unfair restraint of trade. Currently pending before the court are

the defendant Kohler Co.'s ("Kohler") motion to dismiss (Dkt. No. 64); the defendants Hearth &

Home Technologies, Inc.'s ("Hearth & Home"), Masco Corporation's ("Masco"), Progress

Lighting, Inc.'s ("Progress Lighting"), Square D Company's ("Square D"), Therma-Tru Corp.'s

("Therma-Tru"), Weyerhaeuser Company's ("Weyerhaeuser"), Whirlpool Corporation's

("Whirlpool"), and York International Corporation's ("York") motion to dismiss (Dkt. No. 67);

the defendant Overhead Door Corporation's ("Overhead Door") motion to dismiss (Dkt. No.

110); the defendant Honeywell International, Inc.'s ("Honeywell") motion to dismiss (Dkt. No.

115); the defendant Georgia-Pacific, LLC's ("Georgia-Pacific") motion to dismiss (Dkt. No.

117); and the defendant Owens Corning's motion to dismiss (Dkt. No. 119).[1] Throughout the

---

[1]     Each of the motions to dismiss also argues, in the alternative, for a more definite
statement, pursuant to Rule 12(e).

remainder of this order, these named defendants shall be referred to as the movants. For the reasons discussed below, the motions to dismiss are GRANTED in part and DENIED in part.

## II.      Factual and Procedural Background

The following is a summary of facts alleged by the plaintiff OLA, LLC ("OLA"), and for the purposes of this order, are assumed to be true. From 2000 to 2001, while the '455 and '553 patents were still pending, OLA marketed its proprietary technology through an online demonstration website. Members of Builder Homesite, Inc. ("BHI"), a consortium of homebuilders that includes Weyerhaeuser but not the remaining movants, accessed this online demo website after assenting to OLA's Notice and Confidentiality Agreement. OLA also provided confidential information about its technology through presentations to many of the defendants. During this time period, BHI and the movants discussed OLA's proprietary technology and began to create "Envision," a product that makes unauthorized use of OLA's technology. BHI members and the movants then formed a new consortium, New Home Technologies, L.L.C. ("NHT"). In 2005, NHT launched Envision, and it competes with OLA's product offering.

On August 20, 2008, the plaintiff OLA, LLC ("OLA") filed its complaint, alleging that the movants, several individual homebuilders,[2] BHI, and NHT infringed the '455 and '553 patents, violated the Illinois Trade Secrets Act, breached a contract, committed common law fraud, and engaged in unfair restraint of trade. OLA alleges that the movants are jointly liable for their individual actions and also liable under theories of joint enterprise liability, single business enterprise, piercing the corporate veil, and conspiracy.

---

[2]      The named homebuilders are Beazer Homes USA, Inc.; Capital Pacific Holdings, Inc.; Centex Corporation; Centex Real Estate Corp.; Weekley Homes, L.P.; KB Home, Inc.; E.KB, Inc.; Lennar Corporation; Lennar.com, Inc.; Pulte Homes, Inc.; Pulte.com, Inc; Standard Pacific, Corp.; and Toll Brothers, Inc.

Subsequently, the movants sought dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They contend that OLA's complaint does not accuse the movants of any individual acts of wrongdoing, and OLA's claims of joint liability are factually insufficient. The movants also argue that the alleged wrongful acts lack adequate support in the complaint.

## III. Analysis

### A. Applicable Law Regarding Motions to Dismiss

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Motions to dismiss are purely procedural questions, to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* The court must assume that the allegations in the complaint are true. *See id.*; *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. The "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In the

Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

### B.    Joint Liability

OLA's complaint alleges that the "BHI/NHT Joint Enterprise," which includes the movants and other defendants, operated BHI and NHT in such a way that the members of the joint enterprise are jointly liable for BHI's and NHT's wrongful acts. OLA contends that the BHI/NHT Joint Enterprise members are jointly liable because BHI's and NHT's corporate veil should be pierced, NHT and BHI/NHT Joint Enterprise is a single business enterprise,[3] BHI/NHT Joint Enterprise members assisted and participated in the wrongful acts, BHI/NHT Joint Enterprise is a joint enterprise, and BHI/NHT Joint Enterprise is a conspiracy. The movants dispute the legal standards that apply to some of OLA's joint liability theories and also argue that the facts alleged in the complaint are insufficient.

OLA has alleged that each member of the BHI/NHT Joint Enterprise, including the movants, is liable for the wrongful acts of that enterprise pursuant to a joint enterprise liability theory. Joint enterprise liability makes each party an agent of the enterprise, and thus each party is liable for the negligent acts of the other enterprise members. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). Texas has adopted the legal standard of joint enterprise liability provided in the Restatement of Torts, which requires:

> (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

*Id.* (quoting Restatement (Second) of Torts § 491 cmt. c (1965)).

---

[3]    OLA concedes that, after the complaint was filed, Texas has rejected the single business enterprise theory of joint liability. *SSP Partners v. Gladstrong Invests. (USA) Corp.*, 275 S.W.3d 444, 456 (Tex. 2008).

The complaint alleges facts sufficient to support OLA's claim of joint enterprise liability. First, OLA contends that there was an agreement as early as May 2000 among the BHI/NHT Joint Enterprise members to create the NHT consortium. Second, the alleged common purpose was to form NHT in order to avoid liability and to develop the Envision product using OLA's proprietary technology. Third, OLA alleges that the members have a community of pecuniary interest; the members realize increased sales and collect fees from Envision. Fourth, the complaint contends that each member had an equal right of control in the BHI/NHT Joint Enterprise. The members are owners of the NHT consortium, and thus each has the right to control and direct the enterprise. These alleged facts support each element of joint enterprise liability. Therefore, for the purposes of the motions to dismiss, OLA has presented a theory of joint liability that allows the alleged wrongful acts of the BHI and NHT consortiums to be imputed to the members, including the movants. Because the complaint adequately states a claim for relief, the court does not need to address OLA's other theories of joint liability in this order.

### C.    Patent Infringement

OLA alleges that NHT and the BHI/NHT Joint Enterprise infringe its '445 and '553 patents. OLA contends that it has suffered damages as a result of NHT and BHI/NHT Joint Enterprise making, using, selling, or offering to sell Envision. In response, the movants argue that OLA's claim limitations require a "builder," "building contractor," and "third party website provider," which the movants are not, so they cannot infringe. These claim terms have not yet been construed, so the court will defer addressing the movants' argument. The complaint is sufficient to state a claim under 35 U.S.C. § 271, and the motion to dismiss the patent infringement claim is denied.

### D. Violation of the Illinois Trade Secrets Act

The complaint claims that the movants violated the Illinois Trade Secrets Act ("ITSA"), 765 Ill. Comp. Stat. Ann. 2065/1-9. Under ITSA, OLA must establish that its proprietary information was "(1) a trade secret; (2) misappropriated; and (3) used in the defendant[s'] business." *Arcor, Inc. v. Haas*, 842 N.E.2d 265, 269 (Ill. App. Ct. 2005). The defendants seek dismissal of this claim.

First, a trade secret includes technical data that is sufficiently secret and subject to efforts to maintain its secrecy. *Id.* (quoting ITSA § 2). OLA alleges that the technical information contained in its online demonstration websites and Powerpoint presentations were trade secrets. OLA admits that this information lost its trade secret status on July 25, 2002, when the application that became the '553 patent was published.

Second, OLA contends that the BHI/NHT Joint Enterprise misappropriated the trade secrets and used them in its business. The motions to dismiss argue that the complaint fails to allege acts constituting misappropriation that occurred earlier than July 25, 2002, well before NHT developed Envision. But OLA states that the BHI/NHT Joint Enterprise members met as early as May 2000 to discuss OLA's proprietary information and develop a competing product through a new consortium, NHT. OLA points to BHI/NHT Joint Enterprise's registration of the domain names "newhometech.com" and "newhometechnologies.com" in 2001 as steps in furtherance of those plans. Because OLA has alleged sufficient facts to support each element of a trade secret violation, the motion to dismiss the ITSA claim is denied.

### E. Breach of Contract

The plaintiff's complaint alleges that the "Defendants Bound to Confidentiality" breached agreements to keep OLA's information confidential. "Defendants Bound to

Confidentiality" includes the BHI consortium and Honeywell but no other individual movants. Honeywell argues that OLA fails to allege facts sufficient to support the breach of contract claim. The complaint alleges that Honeywell bound itself to OLA's confidentiality agreement when its employees visited OLA's demonstration website and attended presentations. Honeywell is alleged to have subsequently breached that confidentiality agreement when it used OLA's confidential information to create NHT and Envision. OLA's allegations are sufficient to support a claim, so Honeywell's motion to dismiss the contract claim against it is denied.

Some of the motions to dismiss address OLA's failure to plead this cause of action against the other movants; OLA concedes that it is not asserting the breach of contract claim against any movant other than Honeywell. Therefore, the breach of contract claim against the movants, with the exception of Honeywell, is dismissed.

### F. Fraud

OLA claims that the Defendants Bound to Confidentiality committed common law fraud by falsely representing themselves as interested potential business partners to obtain OLA's proprietary information. In response, the movants argue that ITSA preempts all common law actions for misuse of proprietary information. *See Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992). ITSA states that it "is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret." ITSA § 8(a). In *Master Tech Products*, *Inc. v. Prism Enterprises, Inc.*, 2002 WL 475192 (N.D. Ill. Mar. 27, 2002), the court addressed a claim of fraud arising from alleged misappropriation of trade secrets. *Id.* at *3. *Master Tech* held that the fraud claim was preempted by ITSA. *Id.* (citing *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968 (N.D. Ill. 2000); *Ace Novelty Co. v. Vijuk Equip., Inc.*, 1990 WL 129510 (N.D.

Ill. Aug. 31, 1990)). Because OLA's fraud claim is based on the alleged misappropriation of trade secrets, it is preempted by ITSA. Therefore, the court dismisses the fraud claim.

### G. Unreasonable Restraint of Trade

The complaint alleges that the BHI/NHT Joint Enterprise members have engaged in an illegal group boycott and unreasonable restraint of trade. OLA complains that the joint enterprise members have agreed that none of them will use OLA's product or license the '455 and '553 patents. The movants argue that OLA's conclusory allegation of a group boycott agreement is insufficient to state a claim.

"A claim under section 1 of the Sherman Act requires proof of three elements: that the defendant[s] (1) engaged in a conspiracy (2) that restrained trade (3) in a particular market." *Spectators' Commc'n Network, Inc. v. Colonial Club*, 253 F.3d 215, 220 (5th Cir. 2001) (citing 15 U.S.C. § 1). To support a conspiracy claim, the plaintiff must provide plausible grounds to infer that an agreement was made. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Although OLA provides no direct evidence of a conspiracy to boycott, the complaint does allege facts that support the inference of a conspiracy. For several months in 2000 and 2001, members of the BHI/NHT Joint Enterprise expressed strong interest in OLA's technology and regularly communicated with the plaintiff; but the members' communication with OLA stopped abruptly in June 2001. Later, the BHI/NHT Joint Enterprise publicly stated that it wanted an "industry owned" solution and "the consortium is what makes [Envision] possible." It is alleged that hundreds of participants were needed to make Envision successful, so there was incentive to eliminate competitors. Finally, unlike in *Twombly*, there is not mere parallel conduct with no suggestion of concerted action. As discussed previously, the movants are

alleged to be members of the BHI/NHT Joint Consortium and have made joint decisions regarding Envision. Thus, OLA has sufficiently pled the existence of a conspiracy.

The movants also raise arguments regarding *per se* violation, valid market, and antitrust injury requirements. The complaint alleges plausible facts in these areas. Therefore, the motion to dismiss the unfair competition claim is denied.

### H. Failure to Allege Wrongdoing by Kohler, Georgia-Pacific, & Overhead Door

Kohler, Georgia-Pacific, and Overhead each raise an additional ground for dismissal. Kohler, Georgia-Pacific, and Overhead were named as defendants, but they contend that the complaint fails to allege that they engaged in any wrongful acts. OLA responds that these three defendants were inadvertently omitted from paragraphs 43 and 44 of the complaint, and OLA intended to include them as NHT consortium owners and BHI/NHT Joint Enterprise members. OLA asks permission to correct this error and amend its complaint. The court grants the plaintiff's request for leave to amend its complaint. OLA is directed to file its amended complaint within 14 days.

## IV. Conclusion

For all the foregoing reasons, the court grants in part the motions to dismiss (Dkt. No. 64, 67, 110, 115, 117, 119) as stated in the opinion. The balance of the motions are denied. The plaintiff shall file its amended complaint within 14 days.

SIGNED this 29th day of September, 2009.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE